UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

SCOTT MACARTHUR,

                Plaintiff,

v.

ALLAN MACARTHUR et al.,

                Defendants.
_____/

Case No. 1:17-cv-1012

Honorable Robert J. Jonker

## **OPINION**

This purports to be a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendants Allan MacArthur and the MacArthur Trust for failure to state a claim.

**Discussion**

I. **Factual allegations**

Plaintiff is presently incarcerated in the West Tennessee State Prison in Henning, Tennessee. This action does not relate to his incarceration there. Instead, it relates to a trust established by his parents for the benefit of Plaintiff and his brother Allan MacArthur. Plaintiff's father, Douglas MacArthur of Lansing, Michigan, passed away on October 1, 2016. Plaintiff contends that since that time, his brother has attempted to obtain for his own benefit assets that belong to the trust and should be split between the two brothers. Plaintiff's attempts to remedy the problems have been hampered by his incarceration in Tennessee. Since his incarceration on December 26, 2016, Defendant Allan MacArthur has succeeded in removing Plaintiff as a trustee of Defendant MacArthur Trust in the Ingham County Probate Court. Allan has sold the family homestead and, according to Plaintiff, has transferred trust assets or assets that should be shared with Plaintiff into Allan's personal accounts. Plaintiff fears Allan is attempting to cut him out of monies and property that are rightfully Plaintiff's. Plaintiff filed this action in the United States District Court for the Western District of Tennessee to address his concerns. By order entered November 15, 2017, that court transferred the action here, where venue would be proper.

II. **Failure to state a claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Here, Plaintiff's claim fails at the most fundamental of levels. He has not identified a specific constitutional right allegedly infringed nor has he alleged that either Defendant is a "state actor" under § 1983.

Plaintiff does not claim that his brother or the trust are anything other than private parties. For a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). Plaintiff has not presented any allegations by which the Defendants' conduct could be fairly attributed to the State. Accordingly, he fails to state a § 1983 claim against either Defendant.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Allan MacArthur and the MacArthur Trust will be dismissed for failure to state a claim, under 28 U.S.C. § 1915(e)(2). Plaintiff's pending motion for discovery (ECF No. 7), motion to freeze bank accounts (ECF No. 8), motion for hearing to show cause (ECF No. 12), and motion to compel discovery (ECF No. 15) are denied as moot.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: November 28, 2017            /s/ Robert J. Jonker
                                    Robert J. Jonker
                                    Chief United States District Judge